# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CHRISTOPHER CROSBY,  
      Petitioner,

    vs.

WARDEN, LONDON  
CORRECTIONAL INSTITUTION,  
      Respondent.

Case No. 1:12-cv-523

Spiegel, J.  
Litkovitz, M.J.

**REPORT AND  
RECOMMENDATION**

      Petitioner, an inmate in state custody at the London Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's return of writ. (Docs. 1, 9).

## I. FACTUAL BACKGROUND

      The Ohio Court of Appeals, Twelfth Appellate District set forth the following summary of the facts that led to petitioner's conviction and sentence:

> On September 11, 2006, Crosby forced his way through a basement window into the home of Ronald and Holly Alvarado. Once in the basement, Crosby pried open a gun safe and took various firearms. During the time of the theft offense, Holly and her three children were in the home.

(Doc. 9, Ex. 33, pp. 1-2).

## II. PROCEDURAL HISTORY

### State Trial Proceedings

      In January of 2007, the Clermont County, Ohio grand jury returned a fourteen-count indictment charging petitioner with ten counts of grand theft and one count each of aggravated burglary, safecracking, receiving stolen property and burglary. (Doc. 9, Ex. 1). Petitioner was also indicted on three counts of receiving stolen property in a separate indictment. (Doc. 9, Ex.

2). The indictments were consolidated for trial. (Doc. 9, Ex. 4). Petitioner entered a plea of not guilty to all charges. (Doc. 9, Ex. 5).

On May 12, 2008, petitioner withdrew his former not guilty plea and entered a guilty plea to two counts of receiving stolen property and one count each of safecracking, grand theft, and burglary. (Doc. 9, Ex. 6, 7, 8, 9). On October 27, 2008, petitioner filed a motion to withdraw his guilty plea, which was denied by the trial court after conducting a hearing on the matter. (Doc. 9, Ex. 10, 11).

On November 14, 2008, petitioner was sentenced to a total aggregate sentence of thirteen years of imprisonment. (Doc. 9, Ex. 12, 13).

### Direct Appeal

On October 1, 2010, petitioner filed a pro se notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals. (Doc. 9, Ex. 14). Petitioner claimed that he did not file a timely appeal because the trial court failed to notify him of his appellate rights under Ohio Crim. R. 32. *Id.* Petitioner further argued that his sentence was void because the trial court failed to notify him of his exact period of post-release control. *Id.*

On October 13, 2010, the trial court issued a *nunc pro tunc* entry correcting a clerical error concerning the length of petitioner's post release control. (Doc. 9, Ex. 16).

On November 10, 2010, the Ohio Court of Appeals denied petitioner's motion for leave to file a delayed appeal. (Doc. 9, Ex. 17).

### Second Appeal and Remand

On October 27, 2010, petitioner filed a pro se appeal of the October 13, 2010 *nunc pro tunc* judgment entry to the Ohio Court of Appeals. (Doc. 9, Ex. 18).

During the pendency of the appeal, petitioner, now with the assistance of the Clermont

2

County Public Defender, filed two agreed motions for limited remand. (Doc. 9, Ex. 21, 22). The motions requested a limited remand for a resentencing hearing "for the limited purpose of notifying Crosby of post-release-control supervision and the consequences of a violation of that supervision." (Doc. 9, Ex. 22). Petitioner also filed an agreed motion for resentencing. (Doc. 9, Ex. 25). On January 25, 2011, the Ohio Court of Appeals granted the agreed motion for remand. (Doc. 9, Ex. 23).

On January 25, 2011, the trial court conducted a resentencing hearing and the court issued a judgment entry and amended sentencing entry correcting the terms of the post-release control. (Doc. 9, Ex. 26, 27). Petitioner, through counsel, and the state filed a joint notice regarding the remand, indicating that petitioner was resentenced and that petitioner's appeal "may continue according to a modified briefing schedule." (Doc. 9, Ex. 28). On February 24, 2011, petitioner also filed a pro se notice of appeal from the January 25, 2011 resentencing. (Doc. 9, Ex. 29). The Court of Appeals consolidated the appeals on March 24, 2011. (Doc. 9, Ex. 30).

On April 22, 2011, petitioner, through new counsel, presented the following two assignments of error:

> I.     First Assignment of Error:   The trial court erred to the prejudice of Defendant-Appellant by imposing a sentence that was an abuse of discretion.
>
> Issue Presented for Review and Argument:  The sentence was excessive.
>
> II.    Second Assignment of Error:   The trial court erred to the prejudice of Defendant-Appellant in sentencing him on Counts 2, 3, and 14.
>
> Issue Presented for Review and Argument:  Counts 2, 3, and 14 should have been merged as offenses of a similar import.

(Doc. 9, Ex. 31).  On September 26, 2011, the Ohio Court of Appeals overruled petitioner's

3

assignments of error and affirmed the judgment of the trial court. (Doc. 9, Ex. 33, 34).

Petitioner filed a pro se notice of appeal and a delayed notice of appeal to the Ohio

Supreme Court on December 19, 2011. (Doc. 9, Ex. 35, 36). On February 2, 2012, the Ohio

Supreme Court denied petitioner's motion for a delayed appeal and dismissed the case. (Doc. 9,

Ex. 37).

### Motions to Modify Sentence

Petitioner next filed three pro se motions to modify his sentence. (Doc. 9, Ex. 38, 40,

41). The Ohio trial court denied petitioner's motions. (Doc. 9, Ex. 39, 42).

Petitioner did not appeal from the trial court's rulings.

### Federal Habeas Corpus

Petitioner filed the instant federal habeas corpus action July 5, 2012. (Doc. 1). In the

petition, petitioner raises the following single ground for relief:

> GROUND ONE: The petitioner hereof, is being restrained of his freedom and liberty interest under Color of State law and Contra to his Federal Constitutional Procedural Due Process and Equal Protection of the law Rights-Guaranteed him via the (5th & 14th) Amendments of the U.S. Constitution of America.
>
> Supporting Facts: The petitioner's sentence i[s] contra to state statutory law and in violation of the Rule regarding Merger of Offenses of Similar Import as mandated by the Ohio Supreme Court, under the case of *State v. Johnson*, 128 Ohio St. 3d 153, 2010-Ohio-6314. In further support of petitioner's sole ground for relief, Please SEE: and consider pages (20 thru 23) hereof. Moreover, the petitioner hereof, invokes the additional benefits of Chapter (28) & (2254) §§ (a). & §§ (d) (1) & (2). & §§ (e) (2) (B).

(Doc. 1, p. 7).

Respondent has filed a return of writ, arguing that the petition should be denied. (Doc.

9). Respondent contends that petitioner's ground for relief is procedurally defaulted, not

cognizable and, in the alternative, without merit. *See id.*

4

## III.    THE PETITION SHOULD BE DENIED.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). In those cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991). Moreover, in *Harris,* the Supreme Court explained that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The Court stated: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

6

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw,* 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)), *cert. denied,* 131 S.Ct. 2117 (2011); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental

miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson*, 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262; *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In this case, petitioner procedurally defaulted his single ground for relief when he failed to perfect a timely appeal to the Ohio Supreme Court from the Court of Appeals' September 26, 2011 denial of his direct appeal.[1] (Doc. 9, Ex. 33). Although petitioner thereafter attempted to file a delayed appeal with the Ohio Supreme Court, it is presumed that the state court relied on an adequate and independent state ground when it denied petitioner's December 19, 2011 motion requesting leave to file a delayed appeal from the Ohio Court of Appeals' decision. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see generally Harris*, 489 U.S. at 260-62. As the Sixth Circuit explained in *Bonilla*, "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla*, 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein). In this case, as in *Bonilla*, the Ohio Supreme Court was "entirely silent as to its reasons for denying [the] requested relief." *See id*. In such circumstances, it must be assumed that the state court enforced the applicable procedural bar to review. *See id*. (citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996)).

Consequently, by failing to fairly present the constitutional claim to the Ohio Supreme Court, petitioner has waived the claim absent a showing of cause for his default and actual prejudice as a result of the alleged errors, or that the failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 750. *See also Murray*, 477 U.S.

---

[1] Petitioner also failed to appeal from the trial court's denial of his motions to modify his sentence pursuant to Ohio Rev. Code § 2941.25, Ohio's multiple-count statute. (*See* Doc. 9, Ex. 38, 40, 41).

at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.  In this case, petitioner has not argued, much less demonstrated, cause for his procedural default.[2]  Petitioner likewise fails to demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice or, in other words that the alleged errors "probably resulted in the conviction of one who is actually innocent."  *See Murray,* 477 U.S. at 495-96.  *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498.  Therefore, petitioner has procedurally defaulted and waived the claims raised in Ground One, petitioner's sole ground for relief.

Accordingly, in sum, having found that petitioner procedurally defaulted and waived his single ground for relief, petitioner is not entitled to habeas relief and his petition (Doc. 1) should be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2.  A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[3]

---

[2] Although petitioner does not make any argument pertaining to cause for his procedural default in his petition, in his delayed appeal to the Ohio Supreme Court petitioner attempted to justify his delay by arguing that his pro se status and limited access to the prison law library were the reason for his untimely appeal. (Doc. 9, Ex. 36).  To the extent that petitioner contends that such circumstances constitute cause for his default, his argument is without merit.  *See Bonilla,* 370 F.3d at 498 (holding that the petitioner's pro se status, limited access to the prison law library, and ignorance of the law and procedural requirements for filing a timely appeal were insufficient to establish cause).

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: __11/7/13__

Karen L. Litkovitz
United States Magistrate Judge

to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of the defaulted grounds for relief. *See Slack,* 529 U.S. at 484.

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHRISTOPHER CROSBY,                 Case No. 1:12-cv-523
     Petitioner,

                                  Spiegel, J.
   vs.                          Litkovitz, M.J.

WARDEN, LONDON
CORRECTIONAL FACILITY,
     Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Christopher Crosby #A595-128
London Corr. Inst.
P.O. Box 69
1580 State Route 56
London, OH 43140

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
☐ Addressee

B. Received by ( *Printed Name* ) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*)

7011 3500 0001 5345 9633

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540